UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Brenore Sullivan, # 270534, *aka* Thomas B. Sullivan, | ) C/A No. 8:08-1088-GRA-BHH <br> ) <br> ) <br> ) |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| SCDC Dir. Jon Ozmint; and <br> Warden of Tyger River Correctional Institution, | ) <br> ) <br> ) |
| Respondents. | ) |

_____

### *Background of this Case*

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The petitioner is confined at the Tyger River Correctional Institution of the South Carolina Department of Corrections (SCDC). On February 8, 2001, in the Court of General Sessions for Greenville County, the petitioner pled guilty to various cocaine, crack cocaine, and marijuana trafficking charges, possession of cocaine within a half-mile of a school, and possession of a weapon during a crime. He was sentenced to "10 years & 15 years Concurrent Sentence[.]" No direct appeal was filed. The petitioner filed an application for post-conviction relief (Case No. 2003-CP-23-844) and appealed the denial of post-conviction relief.

1

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedy is a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998)(citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241). Although the petitioner has exhausted his state court remedies, the petition in the above-captioned case is clearly untimely.

The "delivery" date of the instant petition is March 27, 2008. *Houston v. Lack*, 487 U.S. 266, 270-276 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The petition shows the following period of untolled time: February 8, 2001 (date of guilty plea) through the undisclosed month and day in 2003 of the PCR application.

Although the petitioner does not disclose in the petition the exact filing date of the PCR application, a search of on-line records of the Circuit Court for Greenville County (www.13th-judicial-circuit.org/Central_Index_Details_Civil.asp) reveals that the petitioner's first application for post-conviction relief (Case No. 2003-CP-23-844) was formally filed on February 4, 2003. Even if the petitioner delivered his first application for post-conviction relief to prison officials for mailing no later than January 31, 2003, the petitioner had at least 712 days of untolled time before he filed his first post-conviction case. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[3] *See also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D.Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").

Moreover, there is no basis for equitable tolling in the above-captioned case. On page 13 of the Section 2254 form (Form AO 241), a section is provided for petitioners to explain why the one-year statute of limitations should not apply in his or her case. In response to this question, the petitioner alleges or contends: *(1)* this federal court should "provide to Petitioner the benefit of Protection of this Great Writ entirely, to prohibit this

---

[3] The petitioner's right to file objections to this Report and Recommendation will constitute the petitioner's opportunity to object to a dismissal of this petition based on the statute of limitations. *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal).

4

Hon. Court from risking injury to an important interest in human liberty[;]" *(2)* a "Constitutional violation" has resulted in the conviction of someone who is "actually innocent" and who was legally incompetent during the pre-trial hearing; *(3)* a miscarriage of justice took place in the State court; and *(4)* the petitioner did not have access to federal statutes in question.  These allegations do not establish a basis for equitable tolling.

As noted in *Carter v. Scribner*, 2008 U.S. Dist. LEXIS® 26600, 2008 WESTLAW® 906723 (E.D. Cal., March 31, 2008), a petitioner's lack of diligence, a petitioner's lack of access to a law library, and the merits of the habeas petition do not justify equitable tolling:

> The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time.  *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998), *citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996), *cert. denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by, Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time").  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), *citing Kelly*, 163 F.3d at 541; *Beeler*, 128 F.3d at 1288-1289.
>
> Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  For these reasons, this court finds that the lockdowns and limited library access do not warrant equitable tolling in this case.  *See, United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); *Atkins v. Harris*, 1999 WL 13719, *2 (N.D.Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such

> matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); *Giraldes v. Ramirez-Palmer*, 1998 WL 775085, *2 (N.D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).
>
> As to Petitioner's second claim, the merits of a petitioner's underlying claim are not relevant to whether extraordinary circumstances exist to justify the late filing of a petition for writ of habeas corpus. *See Helton v. Secretary*, 259 F.3d 1310 (11th Cir.2001) (merits of underlying prosecution were not relevant to determination of "extraordinary circumstances"). Accordingly, the court finds that this claim presents no basis for equitable tolling.
>
> In conclusion, Petitioner is entitled to neither statutory tolling nor equitable tolling. Petitioner's petition filed August 17, 2004, was clearly filed after the statute of limitations expired on September 11, 2003. Accordingly, this case is untimely and must be dismissed as barred by the statute of limitations.

*Carter v. Scribner*, 2008 U.S. Dist. LEXIS® 26600, at *11-*14, 2008 WESTLAW® 906723, at *4-*5.[4]

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondents to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C.

---

[4]The United States Court of Appeals for the Fifth Circuit has commented on the purpose and effect of statutes of limitations:

> * * * Limitations statutes, however, are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertion of rights as it does to all things human.

*United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted from quotation).

§ 2244(d).  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

 

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 14, 2008
Greenville, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).