UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Thomas Brenore Sullivan, # 270534, a/k/a Thomas B. Sullivan, | ) ) ) | C/A No.: 8:08-cv-1088-GRA-BHH |
| Petitioner, | ) ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) ) | |
| SCDC Dir. Jon Ozmint; and Warden of Tyger River Correctional Institution, | ) ) ) ) | |
| Respondents. | ) ) ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on April 14, 2008. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on April 4, 2008. The magistrate recommends that this Court dismiss the petition *without prejudice* because, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the petitioner filed his § 2254 habeas corpus petition late.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the

recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner timely filed objections.

Of the nine pages of objections filed by the petitioner, the Court finds that only one objection is specific to trigger *de novo* review. On page 8, Petitioner states:

> under constructed fraud, actual fraud, and criminal conspiracy and misprision of a felony, official misconduct, wanton misconduct, willful and wanton misconduct, and any and all factors leading into the reasons why the Petitioner have been unable to timely file their 2254 Habeas Corpus is due to the interference of the government public official body and their long list of violations that had to be research and formated [sic] by a layman who is not train in the art of law and extraordinary circumstances preceded herein due to this very reality and legal disability surrounding this 2254 Habeas Corpus Petition."

(Petitioner's Objections 8.) As the magistrate stated, however, this type of allegation does not justify equitable tolling. *See* Report and Recommendation 5-6 (quoting *Carter v. Scribner*, No. CV F 04-6106, 2008 WL 906723, at *4-5 (E.D. Cal. March 21, 2008)).

To the extent the petitioner alleges that a person acting under color of state law deprived him of his constitutional rights, the Court instructs the petitioner that the proper mechanism for relief is to file an action pursuant to Title 42, United States Code, Section 1983.

Since the remaining objections lack the specificity to trigger *de novo* review, they will not be addressed.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus be DISMISSED without prejudice and without issuance of service of process.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May 27, 2008

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**